IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| OGECHI OSONDU, | * |
| Plaintiff | * |
| v. | * Civ. No.: MJM-24-3529 |
| PAMELA J. BONDI, et al.,[1] | * |
| Defendants. | * |

## MEMORANDUM

This matter is before the Court on Defendants' Motion to Dismiss the Complaint, which seeks a writ of mandamus to compel a decision on Plaintiff's I-485 Application to Register Permanent Residence or Adjust Status filed with the United States Citizenship and Immigration Services ("USCIS"). Plaintiff has not filed any response in opposition, and the time to do so has passed. *See* Loc. R. 105.2(a) (D. Md. 2025). Defendants' motion is ripe, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, the Court shall grant Defendants' motion and dismiss Plaintiff's Complaint as moot.

I.   BACKGROUND

Ogechi Osondu ("Plaintiff") is a national of Nigeria who entered the United States in July 2021 on a F1 visa. Complaint (ECF 1) ¶ 1. On May 24, 2022, Plaintiff married Sandra Osondu, a U.S. citizen. ¶ 1. On November 17, 2022, Plaintiff filed an I-485 Application to Register Permanent

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), current Attorney General Pamela J. Bondi is automatically substituted as defendant for former Attorney General Merrick Garland.

1

Residence or Adjust Status with the USCIS. *Id.* at ¶ 7. Over the next two years, Plaintiff diligently followed up with the relevant authorities but did not receive a decision on his application.

On December 6, 2024, Plaintiff initiated this action, seeking an order to compel the Attorney General of the United States, the Secretary of the U.S. Department of Homeland Security, the Director of the USCIS, and the Director of USCIS's Baltimore Field Office (collectively, "Defendants") to issue a decision on Plaintiff's application. *Id.* at ¶ 35. According to Plaintiff, the unreasonable delay in processing his application caused undue hardship that has impeded his and his family's life plans. *See generally*, *id.* at ¶¶ 21–33.

On March 21, 2025, Defendants filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction. ECF 7. In their motion, Defendants report that on March 19, 2025, USCIS approved Plaintiff's I-485 Application. ECF 7 at 1. Defendants attached the USCIS Approval Notice addressed to Plaintiff in their Motion to Dismiss. ECF 7-1. Accordingly, Defendants argue this case is now moot, and the Court should dismiss for lack of subject matter jurisdiction. ECF 7 at 1. Plaintiff do not oppose Defendants' motion.

II. **DISCUSSION**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. "When a defendant challenges a court's subject-matter jurisdiction to hear a case, the plaintiff bears the burden of establishing that subject-matter jurisdiction exists." *Touwe v. Mayorkas, et. al*, Civ. No. GLS-24-935, 2025 WL 2592225, at *2 (D. Md. Sept. 8, 2025) (internal quotations and citations omitted). Moreover, where "the defendant asserts that facts outside of the complaint deprive the court of jurisdiction, the Court 'may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Alpha Psi Chapter of Theta Chi Fraternity v. Bond*, Civ. No. DLB-24-00753, 2025 WL 958782,

at *4 (D. Md. Mar. 31, 2025) (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)). Put differently, the Court can grant the Rule 12(b)(1) motion to dismiss "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

Article III of the United States Constitution limits a federal court's jurisdiction to "cases" or "controversies." U.S. Const. Art. III, § 2. If a plaintiff obtains the relief sought prior to a court adjudicating the matter, the plaintiff's claim becomes moot, which means there is no longer a live case or controversy and thus the court lacks subject-matter jurisdiction. *See Fleet Feet, Inc. v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021) ("The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversies." (quoting *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017)). "These general principles apply with equal force in the mandamus context." *Nhung Thi Tran v. Holder*, Civ. No. DKC-10-2503, 2011 WL 3236098, at *2 (D. Md. July 27, 2011) (citing 52 Am.Jur.2d *Mandamus* § 45 (2011 supp.)).

Here, Petitioner's only requested relief is a writ of mandamus compelling Defendants to adjudicate Petitioner's I-485 Application. Defendants convey that USCIS approved Petitioner's I-485 Application on March 19, 2025, *see* ECF 7 at 1, and attached Plaintiff's approval notice as an exhibit to their motion, *see* ECF 7-1. Plaintiff do not oppose Defendants' motion.

Defendants have produced evidence that USCIS adjudicated Plaintiff's application. Therefore, based on the record before it, the Court finds that Plaintiff has obtained the relief sought in his Complaint. Accordingly, the Court finds that Plaintiff's Complaint seeking a writ of mandamus is moot. *See Touwe*, 2025 WL 2592225, at *4 (dismissing Plaintiff's mandamus request

as moot because UCIS processed plaintiff's immigration applications); *Zdzieborski v. Mayorkas*, Civ. No. JKB-22-1609, 2023 WL 2585533, at *2 (D. Md. Mar. 21, 2023) (dismissing as moot a mandamus action seeking to compel a decision on a Form I-485 application where USCIS subsequently processed the application); *Mohammed v. Holder*, 695 F. Supp. 2d 284, 289 (E.D. Va. 2010) ("[T]he petition for a writ of mandamus is moot because the USCIS has already adjudicated petitioner's application for adjustment of status[.]").

### III.   CONCLUSION

For the reasons stated above, the Court will grant Defendants' Motion to Dismiss. Petitioner's Complaint is dismissed without prejudice.

A separate Order will follow.

<u>January 26, 2026</u>                              _____/S/_____
Date                                         Matthew J. Maddox
                                             United States District Judge